MICHAEL A. EMMA, RELATOR, v. LOGGIA FASCI ITALICI NO. 16, ORDER SONS OF ITALY IN AMERICA, AND GRAND LODGE OF THE STATE OF NEW JERSEY, OR-DER SONS OF ITALY IN AMERICA, RESPONDENTS.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the relator, *Charles C. Giffoniello.*

For the respondents, *Anthony R. Finelli.*

PER CURIAM.

The alternative writ sets out the same facts in substance as appear in the previous memorandum by this court, *ubi supra,* and which may be abridged thus: Relator being a member in good standing of Loggia No. 16, an unincorpo-

rated subordinate lodge of the incorporated New Jersey Grand
Lodge, Order Sons of Italy in America, thereafter joined an
organization of somewhat similar name, which for convenience
will be called the "Independent Order." He was notified by
respondents that he could not, under the rules, belong to
both orders at the same time, and should resign from the
respondent order, else he would be expelled. He refused to
resign and was expelled, illegally as he claims, and by this
proceeding asks for reinstatement under the authority of this
court. One answer made and which we deem adequate, is
that a remedy was provided for him by the rules of the order,
which he should have exhausted before coming here; and
that not only has he not exhausted that remedy, but has not
even invoked it. Relator claims that this is a case in which
he is not required to invoke the tribunals of the order, but
may come here in the first instance.

The rules applicable to this class of cases were formulated
by former Mr. Justice Van Syckel of this court, in the case
of *Roxbury Lodge* v. *Hocking,* 60 *N. J. L.* 439 (at *pp.* 440,
441), and may be stated as follows:

1. Where the question is a social one, involving discipline
or the conduct or standing of a member, he must exhaust his
remedy within the organization if such remedy is provided
before invoking the aid of courts of law. See *Grant* v.
*Ancient Order of Foresters,* 75 *N. J. L.* 109; *Zeliff* v. *Knights
of Pythias,* 53 *Id.* 536.

2. But if the controversy involve property rights, then in
the absence of regulations amounting to an express agree-
ment to exhaust remedies within the order, the courts will
intervene to protect such property rights. *Byrne* v. *Supreme
Circle,* 74 *N. J. L.* 258, was a case in this class.

3. On the other hand, even if property rights are involved,
still if the rules of the organization provide a remedy within
that body, and members have agreed to exhaust that remedy
before application to the law courts, the latter will not inter-
fere until that remedy has been exhausted. *Ocean Castle* v.
*Smith,* 58 *N. J. L.* 545; *affirmed, Smith* v. *Ocean Castle,*
59 *Id.* 198.

4. But in case of property rights it should be clear that these are cognizable by the tribunals established within the order. *Roxbury Lodge* v. *Hocking, supra.*

In the present case, participation in a mortuary fund is involved, and that is a property right.

We proceed, therefore, to examine the regulations of the order as laid before us, and find that section 368 provides in general terms: "No officer or brother may institute proceedings before the civil courts of law without former proceedings being had before the arbitral boards." A second paragraph goes on to say that failure to comply with this provision works automatic expulsion, but until respondents invoke that paragraph in resistance to an appeal within the order, we refrain from passing on its validity, particularly as it is neither defended nor attacked. Further examination of the regulations shows a complete scheme of procedure, original and appellate; so then the case appears to fall clearly within the rule of *Smith* v. *Ocean Castle, supra.* To the contrary it is urged that the appellate scheme is inapplicable because relator was summarily expelled without trial. In answer to this it is sufficient to say that perhaps a majority of these fraternal order cases are of just this character.

There will be judgment for the respondents on the demurrer.